KENNETH P. NABITY (State Bar No. 287927)
ABRAHAM M. ANDRADE III (State Bar No. 321264)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email:      ef-kpn@cpdb.com
            ef-ama@cpdb.com

Attorneys for Defendant
NUGS.NET ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| SARAH MCKAY, individually and on behalf of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NUGS.NET ENTERPRISES, INC.,<br><br>Defendant. | Case No. 3:23-cv-01900-JSC<br><br>**DEFENDANT NUGS.NET ENTERPRISES, INC.'S ANSWER TO CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

019478.0002 4853-5090-7242.3

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Defendant NUGS.NET ENTERPRISES, INC. ("Defendant") submits this answer to the Complaint of Plaintiff SARAH MCKAY ("Plaintiff").  If an averment is not specifically admitted, it is denied.

## ANSWER TO COMPLAINT

## NATURE OF THE ACTION

1.      Answering Paragraph 1, Defendant admits the allegations contained therein.

2.      Answering Paragraph 2, Defendant states that the allegations in Paragraph 2 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge of information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

3.      Answering Paragraph 3, Defendant states that the allegations in Paragraph 3 consist of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the remaining allegations.

## JURISDICTION AND VENUE

4.      Answering Paragraph 4, Defendant states that the allegations in Paragraph 4 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant admits the allegations.

5.      Answering Paragraph 5, Defendant states that the allegations in Paragraph 5 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

6.      Answering Paragraph 6, Defendant states that the allegations in Paragraph 6 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant does not deny the allegations.

7.      Answering Paragraph 7, Defendant states that the allegations in Paragraph 7 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant does not deny the allegations.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

## THE PARTIES

### Plaintiff

8.      Answering Paragraph 8, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

9.      Answering Paragraph 9, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

10.     Answering Paragraph 10, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

### Defendant

11.     Answering Paragraph 11, Defendant admits that it provides on-demand and livestream recordings, but denies that its recordings constitute "prerecorded video cassette tapes or similar audio visual materials" pursuant to the VPPA.  Defendant admits that it provides its services throughout the United States, including in this District.

## FACTUAL ALLEGATIONS

### The Video Privacy Protection Act

12.     Answering Paragraph 12, Defendant states that the allegations in Paragraph 12 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

13.     Answering Paragraph 13, Defendant states that the allegations in Paragraph 13 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

14.     Answering Paragraph 14, Defendant states that the allegations in Paragraph 14 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

15. Answering Paragraph 15, Defendant states that the allegations in Paragraph 15 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

16. Answering Paragraph 16, Defendant states that the allegations in Paragraph 16 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations.

17. Answering Paragraph 17, Defendant states that the allegations in Paragraph 17 consist entirely of legal conclusions. Alternatively, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations concerning what Senator Patrick Leahy said in 1988, and on that basis denies such allegations.

18. Answering Paragraph 18, Defendant states that the allegations in Paragraph 18 consist entirely of legal conclusions. Alternatively, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations concerning what Senator Patrick Leahy said in 1988, and on that basis denies such allegations.

19. Answering Paragraph 19, Defendant states that the allegations in Paragraph 19 consist entirely of legal conclusions. Alternatively, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations concerning what Senator Paul Simon said in 1988, and on that basis denies such allegations.

20. Answering Paragraph 20, Defendant states that the allegations in Paragraph 20 consist entirely of legal conclusions, to which no response is required.

21. Answering Paragraph 21, Defendant states that the allegations in Paragraph 21 consist entirely of legal conclusions, to which no response is required.

*Facebook*

*Facebook User IDs*

22. Answering Paragraph 22, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

23.    Answering Paragraph 23, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The websites with the apparent representations speak for themselves.

24.    Answering Paragraph 24, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

25.    Answering Paragraph 25, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

26.    Answering Paragraph 26, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

### *Facebook's Business Model and Business Tools*

27.    Answering Paragraph 27, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

28.    Answering Paragraph 28, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

29.    Answering Paragraph 29, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The websites with the apparent representations speak for themselves.

30.    Answering Paragraph 30, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

31.    Answering Paragraph 31, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

32.    Answering Paragraph 32, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

***The Facebook Tracking Pixel***

33.    Answering Paragraph 33, Defendant admits that Facebook, now Meta, offers a Tracking Pixel.

34.    Answering Paragraph 34, Defendant admits that Facebook, now Meta, offers a Tracking Pixel that is embedded in website code.  The website with the apparent representation speaks for itself.

35.    Answering Paragraph 35, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

36.    Answering Paragraph 36, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

37.    Answering Paragraph 37, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

38.    Answering Paragraph 38, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  Defendant specifically denies that it controls or knowingly distributes all of the information the Complaint alleges that Facebook receives.  The website with the apparent representation speaks for itself.

39.    Answering Paragraph 39, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  The website with the apparent representation speaks for itself.

40. Answering Paragraph 40, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

41. Answering Paragraph 41, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

42. Answering Paragraph 42, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

43. Answering Paragraph 43, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

44. Answering Paragraph 44, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

45. Answering Paragraph 45, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The websites with the apparent representations speak for themselves.

46. Answering Paragraph 46, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The websites with the apparent representations speak for themselves.

47. Answering Paragraph 47, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

48. Answering Paragraph 48, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

49. Answering Paragraph 49, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

50. Answering Paragraph 50, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. The website with the apparent representation speaks for itself.

***Defendant's Website***

51. Answering Paragraph 51, Defendant admits the allegations contained therein.

52. Answering Paragraph 52, Defendant admits the allegations contained therein.

53. Answering Paragraph 53, Defendant admits the allegations contained therein.

54. Answering Paragraph 54, Defendant admits the allegations contained therein, except that certain livestream performances do not require a purchase.

55. Answering Paragraph 55, Defendant admits the allegations contained therein.

56. Answering Paragraph 56, Defendant admits the allegations contained therein.

57. Answering Paragraph 57, Defendant admits that a prospective or actual subscriber is not required to read or agree to Defendant's terms or conditions or privacy policy, but denies the remaining portion.

58. Answering Paragraph 58, Defendant admits the allegations contained therein.

59. Answering Paragraph 59, Defendant admits the allegations contained therein.

60. Answering Paragraph 60, Defendant admits the allegations contained therein, except that in some instances a video livestream is only available during the livestream.

61. Answering Paragraph 61, Defendant admits the allegations contained therein.

62. Answering Paragraph 62, Defendant admits the allegations contained therein.

63. Answering Paragraph 63, Defendant admits the allegations contained therein.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

*Defendant's Integration of Facebook Tracking Pixels and Use of Automatic Advanced Matching*

64.     Answering Paragraph 64, Defendant admits that it controlled what was added to its Website's code, but denies any implication that it knowingly disclosed its subscribers "personally identifiable information."

65.     Answering Paragraph 65, Defendant admits that it installed the Tracking Pixel on its Website, but denies any implication that it knowingly disclosed its subscribers "personally identifiable information."

66.     Answering Paragraph 66, Defendant admits the allegations contained therein.

67.     Answering Paragraph 67, Defendant denies each and every allegation contained therein.

68.     Answering Paragraph 68, Defendant admits that its Website states what the Paragraph alleges, but denies that constitutes "boasting."

69.     Answering Paragraph 69, Defendant admits that targeted advertising may lead to more subscribers, but denies all other allegations contained therein.

70.     Answering Paragraph 70, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

71.     Answering Paragraph 71, Defendant denies each and every allegation contained therein.

*The Functionality of the Integrated Tracking Pixels on Defendant's Website*

72.     Answering Paragraph 72, Defendant admits the allegation contained therein.

73.     Answering Paragraph 73, Defendant admits the allegation contained therein.

74.     Answering Paragraph 74, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.  Defendant also denies that it "continues" to utilize the Facebook Tracking Pixel.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

75. Answering Paragraph 75, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations. Defendant also denies that it "continues" to utilize the Facebook Tracking Pixel.

76. Answering Paragraph 76, Defendant denies each and every allegation contained therein.

77. Answering Paragraph 77, Defendant denies each and every allegation contained therein.

### *Defendant's Failure to Seek or Obtain the Requisite Consent*

78. Answering Paragraph 78, Defendant lacks sufficient knowledge or information to form a belief concerning whether Plaintiff did not consent, agree, authorize or permit any disclosure, and on that basis denies such allegations. Defendant admits that it did not provide written notice of any disclosure because, to the extent any disclosure occurred, Defendant did not make such disclosure knowingly. Defendant lacks sufficient knowledge or information to form a belief concerning whether Plaintiff's Personally Identifiable Information was transmitted to Facebook, but denies that it was "knowingly disclosed."

79. Answering Paragraph 79, Defendant admits that it did not provide written notice of any disclosure because, to the extent any disclosure occurred, Defendant did not make such disclosure knowingly.

80. Answering Paragraph 80, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

### CLASS ACTION ALLEGATIONS

81. Answering Paragraph 81, Defendant states that the allegations in Paragraph 81 consist entirely of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

82.    Answering Paragraph 82, Defendant states that the allegations in Paragraph 82 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

83.    Answering Paragraph 83, Defendant states that the allegations in Paragraph 83 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

84.    Answering Paragraph 84, Defendant states that the allegations in Paragraph 84 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

85.    Answering Paragraph 85, Defendant states that the allegations in Paragraph 85 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

86.    Answering Paragraph 86, Defendant states that the allegations in Paragraph 86 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

87.    Answering Paragraph 87, Defendant states that the allegations in Paragraph 87 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

88.    Answering Paragraph 88, Defendant states that the allegations in Paragraph 88 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

89.    Answering Paragraph 89, Defendant states that the allegations in Paragraph 89 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies that this suit may or should be maintained as a class action.

90.    Paragraph 90 was omitted from Plaintiff's Complaint.

91.    Paragraph 91 was omitted from Plaintiff's Complaint.

92.    Paragraph 92 was omitted from Plaintiff's Complaint.

93.    Paragraph 93 was omitted from Plaintiff's Complaint.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

94.	Paragraph 94 was omitted from Plaintiff's Complaint.

95.	Paragraph 95 was omitted from Plaintiff's Complaint.

96.	Paragraph 96 was omitted from Plaintiff's Complaint.

97.	Paragraph 97 was omitted from Plaintiff's Complaint.

98.	Paragraph 98 was omitted from Plaintiff's Complaint.

99.	Paragraph 99 was omitted from Plaintiff's Complaint.

100.	Paragraph 100 was omitted from Plaintiff's Complaint.

101.	Paragraph 101 was omitted from Plaintiff's Complaint.

102.	Paragraph 102 was omitted from Plaintiff's Complaint.

103.	Paragraph 103 was omitted from Plaintiff's Complaint.

104.	Paragraph 104 was omitted from Plaintiff's Complaint.

105.	Paragraph 105 was omitted from Plaintiff's Complaint.

106.	Paragraph 106 was omitted from Plaintiff's Complaint.

107.	Paragraph 107 was omitted from Plaintiff's Complaint.

108.	Paragraph 108 was omitted from Plaintiff's Complaint.

## CLAIM FOR RELIEF

## COUNT ONE

**Violation of the Video Privacy Protection Act**

**18 U.S.C. § 2710, *et seq.***

**(On behalf of Plaintiff and members of the Class)**

109.	Answering Paragraph 109, Defendant incorporates its responses to all proceeding paragraphs as if fully set forth herein.

110.	 Answering Paragraph 110, Defendant states that the allegations in Paragraph 110 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

111.	 Answering Paragraph 111, Defendant states that the allegations in Paragraph 111 consist entirely of legal conclusions, to which no response is required.  To the extent a response is required, Defendant denies the allegations.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · Fax 415.989.1663

112.    Answering Paragraph 112, Defendant denies each and every allegation contained therein.

113.    Answering Paragraph 113, Defendant lacks sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis denies such allegations.

114.    Answering Paragraph 114, Defendant denies each and every allegation contained therein.

115.    Answering Paragraph 115, Defendant denies each and every allegation contained therein.

116.    Answering Paragraph 116, Defendant denies each and every allegation contained therein.

117.    Answering Paragraph 117, Defendant denies each and every allegation contained therein.

## PRAYER FOR RELIEF

As to Plaintiff's Prayer for relief, Defendant denies that Plaintiff or the class is entitled to any of the relief she seeks or any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant pleads the following separate defenses.  Defendant reserves the right to assert additional affirmative defenses that further investigation and discovery indicate are proper.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The complaint fails to allege facts sufficient to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Article III & Statutory Standing)

Plaintiff and/or the putative class members lack standing, either individually or in a representative capacity, to assert the claims in the Complaint.  Plaintiff and/or putative class

members have not suffered injuries in fact that are fairly traceable to the conduct alleged in the complaint. In addition, Plaintiff is not an "aggrieved person" as defined in 18 U.S.C. § 710(b)(1).

## THIRD AFFIRMATIVE DEFENSE

### (Statute of Limitations)

Plaintiff's claims and/or those made by the putative class are barred in whole or in part by the applicable statutes of limitation and repose.

## FOURTH AFFIRMATIVE DEFENSE

### (No Cognizable Injury)

Plaintiff and/or the putative class members have incurred no cognizable damages.

## FIFTH AFFIRMATIVE DEFENSE

### (Free Speech)

Plaintiff's claims and those of the putative class are barred, in whole or in part, because 18 U.S.C. § 2710 violates the First Amendment of the Constitution, both facially and as applied, including because 18 U.S.C. § 2710 is a facially invalid, overbroad content- and speaker-based restriction on speech that would punish a speaker for disclosing, with permission, factual information about an individual without causing any harm.

## SIXTH AFFIRMATIVE DEFENSE

### (Class Action Not Appropriate)

Plaintiff's claims on behalf of the putative class are barred because this case is maintainable as a class action under Federal Rule of Civil Procedure 23 as the proposed class does not satisfy the requirements described therein.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

To the extent Plaintiff and/or the putative class have suffered any damages, they have failed to take reasonable steps to mitigate those purported damages.

DEFENDANT NUGS.NET ENTERPRISES, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

## EIGHTH AFFIRMATIVE DEFENSE

### (Due Process and Excess Fines)

Plaintiff's claims and/or those of the putative class are barred in whole or in part because the VPPA violates Defendant's substantive and procedural due process rights under the United States Constitution. The award of the requested statutory damages would violate Defendant's substantive and procedural due process rights under the United States Constitution and would constitute excessive fines, including under the Eighth and Fourteenth Amendments of the Constitution, and/or other provisions of the Constitution.

## NINTH AFFIRMATIVE DEFENSE

### (Claims are Barred by Defendant's Terms)

Plaintiff's claims and those of the putative class are limited or barred, in whole or in part, by applicable provisions in the Defendant's Terms and Conditions or Privacy Policy, to which Plaintiff and/or the putative class consented when creating accounts on Defendant's platform.

## TENTH AFFIRMATIVE DEFENSE

### (Marketing Goods and Services)

Plaintiff's claims and those of the putative class are barred, in whole or in part, because any disclosure made by Defendant was done for the exclusive use of marketing goods and services directly to the consumer.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Impropriety of Class-wide Declaratory or Injunctive Relief)

To the extent Plaintiff and the putative class seek injunctive relief, such relief is barred, including because Plaintiff and the putative class have not suffered irreparable harm and/or there is no real, immediate, or ongoing threat of injury. Moreover, neither final injunctive relief nor corresponding declaratory relief is appropriate respecting the putative class as a whole because Defendant has not acted or refused to act on grounds that apply generally to the putative class.

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

## TWELFTH AFFIRMATIVE DEFENSE

### (The VPPA Exceeds Congress's Powers)

Plaintiff's claims and those of the putative class are barred, in whole or in part, because the VPPA is unconstitutional as it exceeds the constitutional powers of Congress, and is not a constitutionally permissible exercise of Congress's commerce clause powers or within the scope of Congress's enumerated powers under the Tenth Amendment of the United States Constitution.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent)

Plaintiff's claims and those of the putative class are barred, in whole or in part, because Plaintiff and/or persons allegedly represented by Plaintiff consented to the acts complained of herein, and/or are estopped from asserting said claims as a result of their conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Equitable Defenses)

Plaintiff's claims and/or those made by the putative class are barred in whole or in part by the doctrines of waiver, estoppel, laches, unclean hands, and/or other equitable doctrines.

## ADDITIONAL DEFENSES

Defendant presently has insufficient knowledge or information upon which to form a belief whether there may be additional, as yet unstated, defenses and reserves the right to assert additional defenses in the event that discovery indicates that such defenses are appropriate.

## PRAYER

WHEREFORE, Defendant prays for relief as follows:

1. That the Complaint be dismissed with prejudice and in its entirety;

2. That Plaintiff take nothing by reason of her Complaint and that judgment be entered against Plaintiff and in favor of Defendant;

3. That Defendant be awarded such attorneys' fees and costs as it may be entitled to; and

4. For such other relief as the Court deems proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b) and Civil L.R. 3-6, Defendant demands a trial by jury of any and all issues in this action so triable of right.

DATED:  June 14, 2023                    COBLENTZ PATCH DUFFY & BASS LLP


By:   /s/ *Kenneth P. Nabity*
      KENNETH P. NABITY
      Attorneys for Defendant
      NUGS.NET ENTERPRISES, INC.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

019478.0002 4853-5090-7242.3                17                Case No. 3:23-cv-01900-JSC

DEFENDANT NUGS.NET ENTERPRISES, INC.'S ANSWER TO COMPLAINT; DEMAND FOR JURY TRIAL