UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH MCKAY,<br><br>        Plaintiff,<br><br>    v.<br><br>NUGS.NET ENTERPRISES, INC.,<br><br>        Defendant. | Case No. 23-cv-01900-RFL (LJC)<br><br>**ORDER RE: JOINT STATUS REPORT ON DISCOVERY AND PROPOSALS FOR A DISCOVERY SCHEDULE**<br><br>Re: ECF No. 87 |

On March 28, 2024, the Court ordered the parties to submit a joint status report no later than April 9, 2024, with any updates concerning all orders resulting from the March 21, 2024 Discovery Status Conference. ECF No. 84. The parties were also ordered to file, along with their joint status report, a joint proposal for the discovery schedule, or their respective positions as to the discovery schedule. *Id.* The Court expressed its willingness to modify the interim discovery deadlines it had set at the Discovery Status Conference, given that Judge Lin issued a revised case schedule through class certification. *Id.* The revised schedule sets February 3, 2025 as the new deadline for Plaintiff's motion for class certification. *See* ECF No. 83. Finally, the parties were ordered to alert the Court in the joint status report as to any ongoing ESI-related disputes, and their respective positions. ECF No. 84.

On April 9, 2024, the parties filed a Joint Status Report on Discovery and Proposals for a Discovery Schedule. ECF No. 88. Defendant reported that it made its initial production of ESI documents, consisting of 348,622 pages of documents, on April 5, 2024. *Id.* at 2. Defendant also served amended responses to several interrogatories and requests for production and provided Plaintiff's counsel with information concerning the use of AI tools to conduct a privilege and personally identifiable information. *Id.* These are all tasks which the Court previously ordered

Defendant to complete.  *See* ECF No. 77.  However, Plaintiff argues that Defendant continues to be non-cooperative during the meet and confer process as to discovery tasks not covered by this Court's orders.  According to Plaintiff's counsel, after the Court ordered the parties to "promptly meet and confer" as to a proposed discovery schedule (ECF No. 84), he contacted defense counsel by email early morning on April 1, 2024.  ECF No. 87 at 2.  Defense counsel did not reply until the late afternoon of April 4, 2024, and he asked that the parties meet and confer by email.  *Id.* at 3.  Eventually defense counsel indicated that he was available to meet and confer (presumably by videoconference) on April 8, 2024, one day before the Court's joint status report and discovery schedule deadline, and eleven days after it had first ordered the parties to meet and confer.  *Id.*

Defendant does not dispute the timeline of the parties' communications as to the meet and confer process.  Nor does it dispute that defense counsel requested to meet and confer by email.  Defendant's response is that "[i]t is undisputed that…Defendant accomplished everything that this Court ordered on March 21, 2024." *Id.* at 5, n.2.  But its discovery obligations go beyond simply complying with Court orders.  Defendant is obligated to "conduct discovery in a manner designed to ensure the timely, efficient, cost effective and just resolution of a dispute." *Guidelines for Professional Conduct*, U.S. District Court – Northern District of California, https://www.cand.uscourts.gov/forms/guidelines-for-professional-conduct/ (last visited April 18, 2024).  Moreover, Defendant is reminded that email correspondence does not comply with the Court's Standing Order as to the meet and confer process.  *See Standing Order for Magistrate Judge Lisa J. Cisneros*, U.S. District Court – Northern District of California, available at https://www.cand.uscourts.gov/judges/lisa-j-cisneros-ljc/ (last visited April 18, 2024) ("Counsel for each party must meet and confer in person or by videoconference. A mere exchange of letters, e-mails, or telephone calls does not satisfy the meet and confer requirement.")

The parties ultimately did not submit a joint discovery schedule and instead submitted competing proposals.  ECF No. 87 at 6–7.  Having considered each party's proposal, the Court sets the following discovery schedule[1]:

---

[1] This discovery schedule does not include a deadline for Defendant's initial production of ESI, which already passed on April 5, 2024.  It is undisputed that Defendant fully complied.

| Event | Deadline |
|---|---|
| Defendant produces next 150,000 pages of documents and first interim privilege log, if necessary. | May 3, 2024 |
| Defendant produces next 150,000 pages of documents and second interim privilege log, if necessary. | May 23, 2024 |
| Defendant substantially completes production of all documents responsive to Plaintiff's first set of requests for production. | June 6, 2024 |
| Defendant substantially completes production of all documents. | August 16, 2024 |
| Parties to complete pre-class certification depositions. | January 6, 2025 |

Plaintiff flags for the Court a potential ESI dispute as to additional search strings, including strings related to the terms "user," "subsci!" and "track." ECF No. 87 at 2–4. The dispute is not ripe for resolution, as the parties have not yet met and conferred on the matter. The parties shall meet and confer by April 23, 2024, and if they do not resolve the dispute, they shall file a joint discovery letter (in compliance with the Court's Standing Order) by April 29, 2024. The parties are admonished that the Court will not hesitate to order them to meet and confer in person at the San Francisco Courthouse, if it believes that they are unable to work together productively.

//
//
//
//
//
//
//
//
//

Finally, both parties are reminded that, pursuant to Rule 26(g)(1)(B) of the Federal Rules of Civil Procedure, all responses for requests for production of documents must be completed after a reasonable inquiry to ensure that they are not interposed for any improper purpose, including unnecessary delay or needlessly increasing the cost of litigation. The Court may, on motion or on its own, impose sanctions for an improper Rule 26(g) certification. *See* Fed. R. Civ. P. 26(g)(3).

**IT IS SO ORDERED.**

Dated: April 18, 2024

LISA J. CISNEROS
United States Magistrate Judge